## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No. _____**

RAYMOND GIBSON, and on behalf of
All Others Similarly Situated,

     Plaintiffs,

v.

LYNN UNIVERSITY, INC.,

     Defendant.

_____/

### DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant Lynn University, Inc. ("Defendant"), in accordance with 28 U.S.C. §§ 1332, 1446 and 1453, hereby files its Notice of and Petition for Removal (the "Notice"). Defendant requests that, pursuant to the Class Action Fairness Act, this action filed by Raymond Gibson and all others similarly situated ("Plaintiffs") be removed from the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida to the United State District Court for the Southern District of Florida. The removal of this action is based on the following:

### I.    RELEVANT FACTUAL BACKGROUND

1.    On or about May 14, 2020, Plaintiffs filed a class action Complaint in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida bearing Case No. 2020-CA-005378 and styled *Raymond Gibson, individually and on behalf of all others similarly situated v. Lynn University, Inc.* (hereinafter the "Circuit Court Case"). A true copy of the Complaint is attached hereto as Exhibit A. This document constitutes all pleadings and process served upon Defendant in this action. This document was the initial pleading served upon Defendant setting forth the claims upon which Plaintiffs' action is based.

2.      On June 18, 2020, the undersigned counsel executed a waiver of service of process form under Fla. R. Civ. P. 1.070.  This waiver is attached hereto as <u>Exhibit B</u>.  Under that waiver and the Florida waiver rule, Defendant was not deemed to have accepted service until July 28, 2020.  *See* <u>Exhibit B</u> (explicitly stating that Defendant's waiver was conditioned on accepting service 40 days after the waiver was signed); *see also Romero v. Randle Eastern Ambulance Serv.*, No. 08-23170-Moreno, 2009 U.S. Dist. LEXIS 129542 (S.D. Fla. Feb. 11, 2009) (evaluating compliance with Fla. R. Civ. P. 1.070 to determine when 30 day period for removal started and denying motion for remand).  Nonetheless, to avoid any possible argument that Defendant should have removed the case within 30 days of the return of the service waiver, instead of 30 days from July 28, 2020, Defendant is removing the case within 30 days of June 18, 2020.  This Notice is thus clearly timely, having been filed within 30 days after Defendant waived service of the Complaint.  Although under the waiver and Fla. R. Civ. P. 1.070 the Complaint will not be deemed served until July 28, 2020, in an effort to avoid confusion, Defendant will accept service as of today's date and respond to the Complaint within 21 days of this Removal being filed.  *See* Fed. R. Civ. P. 81(c)(2)(B).

3.      Defendant has not filed an answer or other pleading in the Circuit Court Case.

4.      Pursuant to 28 U.S.C. § 1446(d), Defendant provided written notice of the removal to all adverse parties in this action by filing a copy of this Notice in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida.

5.      Plaintiff Raymond Gibson is a resident of Boca Raton, Florida, and is an undergraduate at Lynn University.  *See* Complaint, ¶ 3.

6.      Defendant is incorporated in the state of Florida, and maintains its principal place of business in the state of Florida.  *See id.* at ¶ 4.  Defendant operates Lynn University, a private institution of higher learning in Boca Raton, Florida.  *Id.*

7.      Specifically, Plaintiff and the putative class members bring this class action for a "proper prorated refund or reimbursement for the unused services for which they paid in the form of university fees" and a "proper prorated refund or reimbursement for the decreased value of the education they received as a result of classes transitioning from in-person and on-campus to an entirely remote virtual learning format."  *See id.* at ¶ 2.

8.      Plaintiffs' Complaint was filed as a class action pursuant to Florida Rules of Civil Procedure 1.220(a), (b)(2), (b)(3), and/or (c)(4).  *See* Compl. at ¶¶ 1, 64.

9.      Plaintiff Gibson brings his class action on behalf of himself and:

> "All Florida *residents* who paid on behalf of themselves or another tuition or fees for in-person education at Lynn University for the Spring or Summer 2020 term, but who did not receive their bargained for educational experience and services for which they paid fees; and have not been refunded a properly prorated portion of their tuition and fees after Lynn University ceased operations in Spring 2020 due to the Coronavirus Disease 2019 (COVID-19)."

*Id.* at ¶ 64 (emphasis added).

10.     Plaintiff and the putative class members are bringing this action for breach of contract, contract implied in law (Restitution/Quasi-contract), unjust enrichment, and conversion.

11.     Plaintiffs claim Lynn University is attended by approximately 3,200 students with the average cost of attendance exceeding $50,000 per academic year.  *See id.* at ¶ 5.  Although Plaintiffs are currently uncertain of the precise number of class members, the Complaint alleges that the class "certainly exceeds 3,000 members."  *See id.* at ¶ 67.

12.     As of Fall 2019, Lynn University had students enrolled from 97 countries and 46 states and territories.  *See* Declaration of Registrar Jenifer Neil-Scholl at ¶ 7, attached hereto as Exhibit C; *see* Compl. at ¶ 16, fn. 8 referring to https://www.lynn.edu/about/lynn-facts.

13.     Citizenship information of the domestic student population at Lynn University is maintained by Defendant according to the permanent address provided by the student at the time of enrollment, which is based on information on the student application.  Neil-Scholl Decl. at ¶ 5. The application seeks not just the mailing address, but also the permanent address of students.  *See id.*

14.     Citizenship information for the international student population at Lynn University is maintained by Defendant according to the permanent address and citizenship information provided by the student at the time of enrollment, the information submitted by the student to request the creation of the Form I-20 as required by the Department of Homeland Security for international students, and entered into the U.S. Immigration and Customs Enforcement's Student and Exchange Visitor Information System (SEVIS).  *See* Declaration of Erin Garcia at ¶ 5, attached hereto as Exhibit D.  Further, international students attending Lynn University on F-1 Visas are considered non-immigrants and must prove "non-immigrant intent" at the time of their visa application – meaning that they must show that they intend to return to their home country or plan on leaving the United States after they complete their F-1 Visa program.  *Id.* at 7.  Based on the data maintained by Lynn University and SEVIS, several hundred foreign citizens were students at Lynn University in the Spring 2020 semester.  *Id.* at 10.  These students, who temporarily reside in Florida but who clearly are not Florida citizens, are all part of Plaintiff's currently proposed class.

15.     Approximately 3,021 students were enrolled in Lynn University for the Spring 2020 semester.  Neil-Scholl Decl. at ¶ 8.

16.     Approximately 1,526 students are enrolled in Lynn University for the Summer 2020 semester.  *Id.* at ¶ 9.

17.     Of the 3,021 students enrolled at Lynn University for the Spring 2020 semester, the majority maintained permanent addresses outside of the state of Florida.  *Id.* at ¶ 10.

18.     Of the 1,526 students enrolled at Lynn University for the Summer 2020 semester, nearly a majority maintained permanent addresses outside of the state of Florida.  *Id.* at ¶ 11.

## II.     THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1332(d), THE CLASS ACTION FAIRNESS ACT ("CAFA")

The Class Action Fairness Act of 2005 ("CAFA") grants district courts original subject matter jurisdiction over any civil action involving a proposed class of at least 100 members "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1332(d)(5)(B).  A defendant seeking removal on grounds of CAFA jurisdiction must prove the jurisdictional elements by a preponderance of the evidence.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

Removal of this matter is appropriate as all of the elements required to establish original subject matter jurisdiction over this action under CAFA are satisfied.

### A.     There Is Minimal Diversity

In order to meet the "minimal diversity" required by CAFA, any member of a class of plaintiffs must be a citizen of a state different from any defendant.  28 U.S.C. § 1332(d).  Here,

many of the putative class members are *citizens* of different states and countries from the Defendant.

For individuals, citizenship is established by a person's domicile, not simply residence. *King v. Great Am. Chicken Corp, Inc.*, 903 F.3d 875, 879 (9th Cir. 2018) (citations omitted). Allegations of mere residence, therefore, may not be equated with citizenship. *Reece v. AES Corp.*, 638 F. App'x 755, 769 (10th Cir. 2016) citing *Whitelock v. Leatherman,* 460 F.2d 507, 514 (10th Cir. 1972). "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608, 104 L. Ed. 2d 29 (1989); *see also Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005). Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341-42 (11th Cir. 2011). Although physically present in the current residence, the person does not intend to remain in that state indefinitely. *Id.*

Further, courts in Florida have held that residents who reside in a state temporarily or part-time, such as the college students in the putative class, are not necessarily domiciliaries of the states where they reside. *Alexion v. Fed. Ins. Co.*, No. 6:18-cv-2112-Orl-22GJK, 2019 U.S. Dist. LEXIS 185668, at *16 (M.D. Fla. Mar. 7, 2019) (quoting *Las Vistas Villas, S.A. v. Petersen*, 778 F. Supp. 1202, 1205 (M.D. Fla. 1991) (college student from Costa Rica who resided in Minnesota while attending law school did not "evince an intent to change domicile" where he had no postgraduation commitment to the state), *aff'd sub nom. Las Vistas Villas v. Petersen*, 13 F.3d 409 (11th Cir. 1994)). Specifically, courts in Florida have held that even though students can be expected to engage in certain expediencies such as obtaining a local driver's license, opening bank

accounts, or having mail delivered to a local address while attending university, these acts do not evince an intent to change domicile. *See Las Vista Villas*, 13 F.3d at 1205.

Indeed, courts have consistently recognized that out-of-state college students are temporary residents and not domiciliaries of the states in which they attend college. *Las Vistas Villas, S.A., supra* (quoting *Hakkila v. Consolidated Edison Co. of New York, Inc.,* 745 F. Supp. 988, 990 (S.D.N.Y. 1990) (finding that college student was not domiciled at university even though she did not return to her mother's home); *Scoggins v. Pollock*, 727 F.2d 1025, 1027 (11th Cir. 1984) (finding domicile did not change even though student did not intend to return to parents' home after graduation)).

For purposes of minimal diversity in this matter, therefore, the Court should look to the parties domiciles, including that of the putative class members, to establish citizenship.

Defendant is incorporated in Florida, and maintains its principal place of business in the state of Florida. *See* Compl. at ¶¶ 4-5. Accordingly, it is a citizen of the state of Florida. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

Plaintiffs, however, while potentially all Florida *residents*, mostly are *citizens* of states or countries other than Florida. Indeed, as explained above, out-of-state college students have traditionally been found to not be domiciliaries of the state in which they are attending college. *See Scoggins*, 727 F.2d at 1927 ("district court stated that out-of-state students are usually regarded only as temporary residents and "it is therefore usually presumed that they retain their domicile at their former place of abode.""); *see also Las Vistas Villas, S.A. supra,* at 1205. According to the information maintained by Lynn University, the majority of the students enrolled for the Spring 2020 and Summer 2020 semesters maintain permanent addresses outside the state of Florida, and

therefore are permanent residents and citizens of states and other countries outside the state of Florida. Neil-Scholl Decl. at ¶¶ 10-11; *see* Garcia Decl. at ¶ 10. Consequently, the putative class members are *citizens* of states and/or countries other than Florida, where Defendant is a citizen.

Because Defendant is a citizen of Florida and at least one class member is a *citizen* of another state or foreign country the "minimal diversity" required under CAFA is established in this case, regardless of the fact that the Complaint purports to limit the class to Florida *residents*.

B.   **The Amount In Controversy Is More Than $5,000,000, Exclusive of Interest and Costs**

The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. While defendants are not required to prove an actual damage amount in order to establish the amount in controversy exceeds $5,000,000, they must provide the Court with factual evidence from which the Court can conclude whether or not the jurisdictional amount is met. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) ("[W]e hold where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy *more likely than not* exceeds the [applicable] jurisdictional requirement." (emphasis added)), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000). "When the complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 754.

Here, it is facially apparent from the complaint that the amount in controversy clearly exceeds $5,000,000. Defendant's calculation is preliminarily based on the number of students that Plaintiffs alleged in the Complaint paid tuition and fees for the Spring 2020 semester.[1] *See* Compl. at ¶¶ 12, 19, 67. Defendant's calculation is likewise based on the approximate amount of tuition and fees paid by a regular undergraduate student enrolled in the Spring 2020 semester at Lynn University, as alleged in the Complaint, which is the basis for the amount in controversy. *Id.* at ¶ 19. Defendant's calculation assumes that the putative class members are seeking at least a 50% refund of their tuition and fees for the Spring 2020 semester per the allegation that "less than half the Spring 2020 term was held in person."[2] *Id.* at ¶ 33.

Thus, according to Plaintiffs' own allegations, Plaintiffs are seeking a refund for approximately half of the amount of tuition and fees that they paid for the Spring 2020 semester for a class that consists of approximately 3,247 students as alleged in the Complaint, including graduate and doctorate students. *Id.* at ¶¶ 12, 67. Plaintiff allegedly paid $18,340 in tuition and another $1,200 in fees for the Spring 2020 semester. *Id.* at ¶ 19. Even assuming that the graduate and doctorate students pay the same amount of tuition as the undergraduate students at Lynn University, Plaintiffs are asserting breach of contract claims that total in excess of $31 million for the Spring 2020 term alone, without factoring in the amount Plaintiffs allege they are owed for the "decreased value of their education." The breach of contract claims on behalf of the students enrolled for the Summer 2020 semester has the potential to further add millions of dollars to the amount in controversy. Moreover, Plaintiffs allege that the base tuition and fee rate is

---

[1]     While Plaintiffs' putative class includes students enrolled in the Summer 2020 semester, on its face, the Complaint does not provide the tuition and fees amount for Summer 2020. For purposes of establishing the amount in controversy, Defendant will analyze claims for the Spring 2020 term for which Plaintiff included specific amounts.

[2]     Defendant is taking as true the allegations in the Complaint for purposes of removal *only*.

approximately an average of *$50,000* (far higher than the amount Plaintiff paid), *id.* at ¶ 5, which means that for students who did not receive financial aid (or received a lesser amount of aid than the named Plaintiff), their purported damages would be even greater.

While Defendant disputes that Plaintiffs will ultimately prove they are entitled to <u>*any*</u> damages, there can be no doubt that Plaintiffs' Complaint seeks damages exceeding $5 million by a substantial margin.

Accordingly, CAFA's "amount in controversy" element is satisfied.

### C.   <u>The Proposed Class Is Greater Than 100 Members</u>

Plaintiffs affirmatively allege in the Complaint that the proposed class "certainly exceeds 3,000 members." *See id.* at ¶ 67.  As alleged in the Complaint, the proposed class includes Mr. Gibson and other similar-situated persons "who paid tuition and fees for the Spring 2020 academic term to Lynn University." *See id.* at ¶ 1.  Approximately 3,021 students were enrolled in Lynn University for the Spring 2020 semester.  Neil-Scholl Decl. at ¶ 8.  Approximately 1,526 students are enrolled in Lynn University for the Summer 2020 semester.  *Id.* at ¶ 9.  As described, the putative class exceeds 3,000 members.

Accordingly, Defendant has shown by a preponderance of the evidence that there is a potential class of at least 100 members.

### D.   <u>This Matter Is A "Class Action"</u>

The CAFA defines a "class action" as

> **(B)**   the term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action

28 U.S.C. § 1332(d)(1)(B). This matter constitutes a "class action." The Complaint was filed as a class action under Florida Rules of Civil Procedure 1.220(a), (b)(2), (b)(3), and/or (c)(4). Compl. at ¶¶ 1, 64. This is the state law counterpart to Fed. R. Civ. P. 23. Plaintiffs have sought to affirmatively allege the elements of a class action and have specifically pled the existence of a class of students at Lynn University. *Id.* at ¶¶ 1, 64-70.

## III.   <u>CONCLUSION</u>

Defendant has shown by a preponderance of the evidence that there is (a) diversity of citizenship; (b) a potential class of at least 100 members; and (c) a controversy exceeding the jurisdictional minimum. Defendant has, therefore, established the necessary jurisdictional elements to assert federal jurisdiction under CAFA. For this reason, this Court has original jurisdiction over Plaintiffs' claims by virtue of CAFA, and this case should be removed to this Court.

The Fifteenth Judicial Circuit in and for Palm Beach County, Florida, the place where the pending action was originally filed, is within the geographic boundaries of the United States District Court for the Southern District of Florida. Therefore, venue is proper in this Court.

Defendant submits this notice and petition without waiving any defenses to the claims asserted by Plaintiffs or conceding Plaintiffs have pleaded claims upon which relief may be granted. Upon filing this Notice of Removal, Defendant will provide a written notification to Plaintiffs and will file a Notification of Removal with the clerk of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. As required by 28 U.S.C. § 1446(d), a true and correct copy of the Notification of Removal is attached hereto as <u>Exhibit E</u>.

WHEREFORE, Defendant respectfully requests that the within action, now pending in the

Fifteenth Judicial Circuit in and for Palm Beach County, Florida, be removed to the United States

District Court for the Southern District of Florida.

DATED: July 17, 2020

Respectfully submitted,

By: *s/ Mendy Halberstam*
    Mendy Halberstam, Esq.
    Florida Bar No. 68999
    Email: *mendy.halberstam@jacksonlewis.com*
    Stephanie L. Adler-Paindiris, Esq.
    Florida Bar No. 0523283
    Email: *stephanie.adler-paindiris@jacksonlewis.com*
    Allison Gluvna Folk, Esq.
    Florida Bar No. 041075
    Email: *allison.folk@jacksonlewis.com*
    Leslie Lagomasino Baum, Esq.
    Florida Bar No. 1007655
    Email: *leslie.baum@jacksonlewis.com*
    JACKSON LEWIS P.C.
    One Biscayne Tower, Suite 3500
    Two South Biscayne Boulevard
    Miami, Florida 33131
    Telephone: (305) 577-7600

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on

July 17, 2020, on all counsel of record on the Service List below via transmission of Notices of

Electronic Filing generated by CM/ECF.

*s/ Mendy Halberstam*
Mendy Halberstam, Esq.

## SERVICE LIST

**United States District Court for the Southern District of Florida**
*Gibson, et al. v. Lynn University, Inc.*
**CASE NO.: 1:20-CV-_____**

Matthew D. Schultz
Florida Bar No. 0640328
Email: *mschultz@levinlaw.com*
Rebecca K. Timmons
Florida Bar No. 121701
Email: *rtimmons@levinlaw.com*
Brenton J. Goodman
Florida Bar No. 126153
Email: *bgoodman@levinlaw.com*
LEVIN, PAPANTONIO, THOMAS
MITCHELL, RAFFERTY & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502
Telephone: (850)435-7140

E. Michelle Drake
(PHV Pending)
Email: *emdrake@bm.net*
BERGER MONTAGUE, P.C.
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: (612)594-5900

*Counsel for Plaintiff and the Proposed Class*

Mendy Halberstam, Esq.
Florida Bar No. 68999
Email: *mendy.halberstam@jacksonlewis.com*
Stephanie L. Adler-Paindiris, Esq.
Florida Bar No. 0523283
Email: *stephanie.adler-paindiris@jacksonlewis.com*
Allison Gluvna Folk, Esq.
Florida Bar No. 041075
Email: *allison.folk@jacksonlewis.com*
Leslie Lagomasino Baum, Esq.
Florida Bar No. 1007655
Email: *leslie.baum@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant*