# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RAYMOND GIBSON, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff<br><br>v.<br><br>LYNN UNIVERSITY, Inc.,<br><br>　　　　　　Defendant | Case No. 20-CIV-81173-RAR<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Raymond Gibson, individually and on behalf of all other similarly-situated persons, brings this class action complaint against Lynn University, Inc. Mr. Gibson makes the following allegations upon personal knowledge as to his own acts and upon information and belief and his attorneys' investigation as to all other matters.

## NATURE OF THE ACTION

1.　This is a class action brought on behalf of Mr. Gibson and other similarly-situated persons ("the Class"), who contracted with Lynn University ("Defendant" or "Lynn") for live on-campus instruction and access to campus facilities. In exchange for Defendant's provision of in-person classes and access to campus, Plaintiff and the Class paid tuition and fees for the Spring 2020 academic term.

2.　In response to Coronavirus Disease 2019 ("COVID-19"), Defendant switched all of its in-person students to online classes and closed campus facilities.

3.　Plaintiff and the Class did not receive their bargained-for, in-person education. Nor did they receive the services for which they paid separately itemized fees.

4.　Mr. Gibson and the Class therefore seek damages for the period during which they were denied in-person/on-campus instruction and access to campus facilities.

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

## PARTIES

5.   Plaintiff Raymond Gibson is a resident of Boca Raton, Florida, and is an undergraduate student studying criminal justice at the University. He resides off-campus in Boca Raton, Florida.

6.   Defendant Lynn University, Inc., is a Florida for-profit corporation with its principal place of business located at 3601 N. Military Trail, Boca Raton, Florida, 33431. It may be served with process at its principal place of business through its registered agent Mr. Michael Antonello.

7.   Defendant operates Lynn University, a private institution in Boca Raton, Florida, attended by approximately 3,200 students with an average cost of attendance exceeding $50,000 per academic year.

## JURISDICTION AND VENUE

### Personal Jurisdiction

8.   This Court has personal jurisdiction over Defendant because Defendant is a Florida corporation with its principal place of business located within this District in Boca Raton, Florida. Defendant submitted to the jurisdiction of this court by removing this case from the Circuit Court in and For Palm Beach County, Florida.

### Subject Matter Jurisdiction

9.   This Court has subject matter jurisdiction over this action because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the Class is a citizen of a State different from any Defendant, and in which the matter in controversy exceeds in the aggregate sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual Class members in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. §§ 1332(d)(2) and (6). At least one member of the Class defined below is a citizen of a state other than Florida. Therefore, diversity of citizenship

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

exists under CAFA as required by 28 U.S.C. § 1332(d)(2)(A). Furthermore, Plaintiff alleges that more than two-thirds of all of the members of the proposed Class in the aggregate are citizens of a jurisdiction other than Florida, where this action is originally being filed, and that the total number of members of the proposed Class is greater than 100, pursuant to 28 U.S.C. § 1332(d)(5)(B).

**<u>Venue</u>**

10.   Venue is proper in this judicial District under 28 U.S.C. § 1391(b)(1) because Defendant actually resides in this District and is because Defendant is deemed to reside in this District pursuant to 28 U.S.C. § 1391(c)(2) and, being the sole Defendant in this action, it is a citizen of the State of Florida, and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

11.   Venue is proper in this judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this action, including Defendant's decision-making with respect to the policies and practices challenged in this action, occurred within this judicial District.

## FACTUAL ALLEGATIONS

12.   Universities do not merely sell credit hours and diplomas in exchange for money as one would sell some common consumer commodity. Rather, they sell an educational experience.

13.   Lynn is a private institution that enrolls more than 3,000 students—approximately 2,400 undergraduates and more than 800 graduate and doctoral students.[1]

14.   Like many of its counterparts, Lynn offers both in-person and online options. These options are not interchangeable. Instead, Defendant's entire academic structure, and its students' educational experiences, are built around the distinction between Lynn's in-person academic divisions and its online academic division.

---

[1] Lynn U., *Lynn Facts*: https://www.lynn.edu/about/lynn-facts

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

15.   The relationship between Lynn students and the University is based on the terms and conditions set forth *inter alia*, in Lynn's Academic Catalog,[2] University Policies,[3] and invoices, and is informed by Lynn's common course of conduct and procedures.

16.   For the 2019-2020 academic year, Lynn offered prospective applicants the opportunity to apply for admission into one of three "divisions"—the Undergraduate Day Division, the Online Division, and the Graduate Division.[4] Students who apply to the Undergraduate Day Division to study in Lynn's "traditional day program on campus" complete one application form to attend Lynn.[5] Students applying to the Online Division complete a separate, distinct application.[6] Students applying to the Graduate Division complete yet another application.[7]

17.   At the time of application, applicants make clear that they are seeking to contract with Lynn for either live, in-person classes *or* for online classes. Lynn accepts those applications on that specific basis.

18.   In addition to having separate applications, the separate divisions have separate curricula for admitted students. For example, the Undergraduate Day Division Core Curriculum for undergraduate students consists of 68 credits spread over 24 courses.[8] The Online Division Core Curriculum for undergraduate students consists of 33 credits spread over 11 courses.[9]

---

[2] Lynn U. *Academic Catalog* (2019-2020) https://www.lynn.edu/academics/catalog/2019-2020
[3] Lynn U., University Policies, https://www.lynn.edu/university-policies
[4] Lynn U. *Academic Catalog* (2019-2020) https://www.lynn.edu/academics/catalog/2019-2020/admission (breaking admissions out into three separate divisions)
[5] First-year students are directed to https://www.lynn-info.org/freshman/; students seeking to transfer 12 or more credits are directed to a separate webpage, https://www.lynn-info.org/transfer/index.cfm?isndsl
[6] https://admission.lynn.edu/apply/?_ga=2.46467943.1726566553.1597085207-1528071297.1596645576
[7] https://www.lynn-grad.org/apply/
[8] Lynn U., Undergraduate Day Division undergraduate curriculum, https://www.lynn.edu/academics/catalog/2019-2020/academics/educational-programs/undergraduate/undergraduate-curriculum
[9] Lynn U., Online Division undergraduate curriculum, https://www.lynn.edu/academics/catalog/2019-2020/academics/educational-programs/online/undergraduate-curriculum

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

19.   The following page shows Lynn's separation of the three separate Divisions in its online Academic Catalog for 2019-2020:[10]



Table of contents                                    ✕

**2019-2020**                                           ⊟

Overview and introduction to Lynn                       ⊞
University

Campus life                                             ⊞

Lynn University campus                                  ⊞

Admission                                               ⊟

    General information

    Visitors

    Undergraduate day division                          ⊞

    Online division                                     ⊞

    Graduate division                                   ⊞

    Additional admission information                    ⊞

Academics                                               ⊟

    Educational programs                                ⊟

        Definitions of majors, minors and
        specializations

        Undergraduate day division                      ⊞

        Online division                                 ⊞

        Graduate division                               ⊞

    Academic policies                                   ⊞

20.   The separate Divisions have different prices. The tuition schedule for each division is separate. Students in the Undergraduate Day Division were charged $18,340 for the Spring

---

[10] Lynn U., *Academic Catalog* (2019-2020) https://www.lynn.edu/academics/catalog/2019-2020. The Table of Contents can be accessed by clicking on a link at the top of the Catalog home page. Beginning with the 2019-2020 Academic Catalog, all Lynn University Academic Catalogs are only offered online. *See* https://my.lynn.edu/ICS/Academics/ Academic_Catalogs.jnz ("The 2019-2020 Academic Catalog, and future catalogs will now be available only at lynn.edu.")

2020 semester (the equivalent of $1,222 per credit for 15 credits), while students in the Online Division were charged only one-fourth of that amount—$300 per credit ($4,500 for 15 credits).[11] Graduate Students were charged $1,060 per credit ($15,900 for 15 credits).

21.   Lynn charges different fees for the different Divisions as well. Undergraduate Day Division students pay at least $700 in fees. Online Division students pay only $100 in fees.[12]

22.   Thus, Lynn's Online Division students agree to take, and pay significantly less per-credit for, online courses designed from their inception to be fully virtual. Online Division students also pay for, and receive, more limited access to campus facilities and services. Online students pay less in part because they will miss out on the benefits of in-person instruction and the campus experience.

23.   Undergraduate Day Division and Graduate students attending classes on campus, on the other hand, pay significantly more for live classroom instruction and for access to on-campus facilities and services.

24.   In addition, payment options for the three Divisions list different discounts and monthly payment plans for the Undergraduate Day Division compared to the Online/ Graduate Divisions.[13] The refund policy for students withdrawing from classes also is distinct for each Division.[14]

25.   Thus, the Academic Catalog represents Defendant Lynn's offer to students to accept, on certain terms, attendance at Lynn University and the concomitant educational, social, and other services Defendant promises to provide.

26.   Students in the Undergraduate Day Division and Graduate Division also are offered, on terms set out in the Academic Catalog, access to classes and campus facilities and services.

27.   Students who accept those terms by applying for admission into a particular

---

[11] https://www.lynn.edu/academics/catalog/2019-2020/financial-information/cost-and-refund-policy
[12] *Id.*
[13] https://www.lynn.edu/academics/catalog/2019-2020/financial-information/payment-options
[14] https://www.lynn.edu/academics/catalog/2019-2020/financial-information/cost-and-refund-policy. The Statement of Financial Responsibility signed by Plaintiff also recognizes separate refund policies for withdrawal from classes.

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

Division are invoiced for fees associated with the Division to which they applied. By paying the required tuition and fees for that Division, registering for classes in that Division, and otherwise following the terms and conditions contained in the Academic Catalog, students form a binding contract with the University.

28.   The students applying to and enrolling in each of these separate Divisions understand the differences and expect Lynn to offer classes in each respective Division in the format for which the student applied, enrolled, and paid.

29.   Students applying to and enrolling in the Online Division do not expect their classes to be held on Lynn's campus; students applying to and enrolling in the Undergraduate Day Division or Graduate Division do not expect their classes to be held online.

30.   For students who enroll in the Undergraduate Day Division in the "traditional day program on campus," Lynn expressly notes that "The University believes that ... the classroom experience is the most important part of the student's educational experience."[15] Plaintiff and the Class agreed to attend Lynn, and to pay the enormous cost for tuition and fees, to receive that classroom experience.

31.   Attendance in the classroom also is recognized by Lynn as essential for Undergraduate Day students: "Regular and punctual attendance is essential to successful academic achievement…. The student's involvement in classroom activities and discussions is encouraged and expected. Therefore, attendance is not only important, but essential to the learning experience."[16]

32.   Lynn President Kevin Ross has described the Lynn university/campus experience: "Through our innovative Dialogues curriculum, student-centric technology features and campus design, *we have reimagined the college experience and delivered on it*…. Our university has also been consecutively named one of the most innovative schools in the country by U.S. News

---

[15] Lynn U., University Policies, Volume IV – Student Policies: https://www.lynn.edu/university-policies/student-policies/student-involvement-clubs-and-organizations
[16] https://www.lynn.edu/academics/catalog/2019-2020/academics/academic-policies/attendance

& World Report for our *whole new style of teaching and learning*."[17] Nearly every aspect of that style of teaching and learning relies on live, in-person instruction.

33.   The University also touts access to its campus and facilities as part of the educational services it sells.[18]

34.   While recognizing that the classroom experience is "the most important part of the student's educational experience," Lynn offers students an experience beyond mere class attendance and the acquisition of credit hours, and this is central to its value: "The university's location in this hub provides a dynamic medium for educational exchange and learning, including excellent internship opportunities."[19] Lynn graphically illustrates the value it places on its campus in its student catalog:[20]







---

[17] 2018-19 Academic Catalog at 15 (emphasis added), available at https://my.lynn.edu/ICS/Academics/Academic_ Catalogs.jnz
[18] https://www.lynn.edu/academics/catalog/2019-2020/lynn-university-campus/campus-resources
[19] https://www.lynn.edu/academics/catalog/2019-2020/overview-and-introduction-to-lynn-university/general-information/location
[20] Lynn. U. *Academic Catalog* (2018-2019) at 14, 18, 81: https://www.lynn.edu/uploads/pdf/2018-19-academic-catalog.pdf

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

35.   Lynn emphasizes its students' ability to do more than study: "No matter the time of day or day of week, we've got something you won't want to miss. Pursue academic interests or exercise extracurricular passions on campus or close to home with Lynn's clubs, groups and activities."[21] Students are encouraged to enrich their educational experience through opportunities to "get involved" and to "[p]articipate in social, cultural, intellectual, leadership and service activities that address diverse needs and interests ... that help our students transition smoothly into college life, be a part of the Lynn tradition, grow personally, and feel at home at Lynn."[22]

36.   Lynn offers numerous opportunities to engage in student organizations involving culture, leadership, academics, honor societies, hobbies and interests, sports, and fraternities and sororities.[23]

37.   Lynn boasts a rich and lively on-campus student experience, as evidenced by the Campus Life section of its student catalog:[24]

> The Center for Student Involvement is committed to providing a variety of activities that complement the university's academic program. Students can choose activities that will contribute to their personal development and enjoyment: student government, service clubs, Greek life and participation in any number of special interest organizations. Social activities include game shows, dances, comedy acts, live music, cultural events, international festivals, films, pool parties, sports days, award dinners, and novelty entertainment.

> Students are encouraged to participate in a wide range of intramural programs, including basketball, flag football, soccer, volleyball, sand volleyball, kickball, whiffle ball, dodgeball, powder puff, ultimate Frisbee, tennis, billiards, ping pong, and others. The Fitness center is available to all enrolled students which includes fitness classes and other programs.

---

[21] Lynn U., *Clubs & organizations*: https://www.lynn.edu/student-life/clubs-and-organizations
[22] Lynn U., *Get involved*: https://www.lynn.edu/student-life/student-involvement-programs
[23] See generally https://www.lynn.edu/about/lynn-facts
[24] Lynn U., *Academic Catalog* (2019-2020) https://lynn.edu/academics/catalog/2019-2020/campus-life/student-involvement

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

38.   Lynn's "Student fee" policy includes the following expressly defines "Fees" as "fees charged to all students to provide access to Lynn University activities and services." [25]

39.   Students such as Plaintiff and the Class who enroll in the Undergraduate Day Division pay fees to Lynn for access to on-campus amenities, including a $500 Student Services Fee. The Student Services Fee "is assessed to all students. It covers the use of the library, fitness center and pool. It also pays for intramurals, student activities and student government and provides funds for the Student Finance Committee." [26]

40.   The Student Services fee is paid on a one-time basis, and provides continuous access to Lynn's facilities and activities. The fee does not change based on the frequency with which a particular student uses Lynn's facilities or participates in its activities. Continuous student access to campus and its facilities are part of the University Policies: "Access to Campus During the Academic Year (August-May) - Between the hours of 7 a.m. and 9 p.m., visitors, students, faculty and staff are permitted access to campus." [27]

41.   In short, Lynn—like any reputable university—significantly enhances the value to students of its on-campus Divisions by offering a rich and communal social and academic experience with access to facilities, activities, and services. In exchange, it charges a rich price.

**Plaintiff's Enrollment in Lynn's Undergraduate Day Division**

42.   In accordance with the requirements contained in the 2019-2020 Academic Catalog, Plaintiff Raymond Gibson completed an application to Lynn University's Undergraduate Day Division and was accepted to matriculate at the University based on that application.

43.   Plaintiff Gibson enrolled as a full-time Undergraduate Day student and registered for live classes during the Spring 2020 academic term in Lynn's "traditional day program on campus."

---

[25] Lynn U., *University Policies* - https://www.lynn.edu/university-policies/student-policies/student-fees-policy
[26] Lynn U., 2019-20 Academic Catalog - Financial Information - Cost and refund policy: https://www.lynn.edu/academics/catalog/2019-2020/financial-information/cost-and-refund-policy
[27] Lynn U., *University Policies* - https://www.lynn.edu/university-policies/volume-i-governance-and-administration/access-to-campus-facilities-policy

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

44. Mr. Gibson expressly contracted with Lynn to attend the University in-person rather than online.

45. Lynn offered Mr. Gibson live classes. Mr. Gibson applied for and was accepted to take live classes. Lynn billed Mr. Gibson for live classes. Mr. Gibson paid for live classes. Mr. Gibson enrolled in and registered for live classes.

46. Plaintiff's tuition for Spring 2020 totaled $18,340.00 and he was charged $1,200.00 in fees, including a Technology Fee ($200.00), a Student Services Fee ($500.00), and a Course Materials Fee ($500.00) for first-year students. If Plaintiff had enrolled in the Online Division for undergraduate courses, his tuition would have been $300 per credit and his total fees would have been $100.

47. Mr. Gibson's invoice from Lynn for his Spring 2020 tuition and fees clearly contemplates his enrollment in the Undergraduate Day Division, and charged him the tuition and fees associated with that division:

| Date | Statement Activity | Charge |
|---|---|---|
| | Accounts Receivable - AR | |
| | Beginning Balance: | |
| 01/05/20 | Tuition Spring 2020 | $18,340.00 |
| 01/05/20 | Student Services Fee | $500.00 |
| 01/05/20 | Technology Fee | $200.00 |
| 01/05/20 | Course Materials Fee | $500.00 |

48. The invoice characterizes the payments as for the "daytime" programs, stating "All *daytime* fall and spring payments are due in full as stated on your official bill. We may charge you a late fee of $500 for unpaid balances." (emphasis added)

49. Plaintiff covered the full amount of his Undergraduate Day Division tuition and fees through the combination of a scholarship, paying out-of-pocket, and incurring loan debt. He attended classes in-person and otherwise complied with all Lynn University requirements contained in the Academic Catalog.

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

**Lynn's Continuation of Its Operations Online in Response to COVID-19**

50.   On January 21, 2020, Lynn's Spring 2020 semester began for undergraduate and graduate students in the Day Division who had enrolled in and paid for classes on campus.[28] The Spring 2020 semester for these students was slated to end May 9, 2020.[29] The total Spring 2020 semester for students attending Lynn via live classes on campus was 109 days.

51.   Defendant's Academic Calendar clearly differentiated between students attending classes on campus (day undergraduate, day graduate) vs. students attending classes online (Online, Graduate). For Online and Graduate Divisions students attending classes remotely, Spring I term began January 6, 2020, and lasted until February 29, 2020; and Spring II term began March 9, 2020 and lasted until April 25, 2020.[30]

52.   Pursuant to the terms of his agreement with Lynn and Lynn's requirements for its Undergraduate Day Division and graduate students attending live classes on campus, Plaintiff Gibson attended classes live rather than online classes from January 21, 2020 through March 10, 2020.

53.   On March 10, 2020, in response to COVID-19, Lynn announced its intention to test its "technical capabilities for online classes starting Monday, March 16 through Wednesday, March 18," which "replace[d] in-person, day classes for undergraduate students" but did not "include performance-based courses or labs such as collaborative piano, dance or chemistry lab."[31]

54.   On March 13, 2020, Lynn announced that it would continue its operations by moving all live undergraduate and graduate classes online beginning on Monday, March 16, 2020[32] and that this would continue through the end of the semester (May 9, 2020).[33]

---

[28] Lynn U., *Academic Calendar*: https://web.archive.org/web/20200625144531/https://www.lynn.edu/academics/ academic-calendar?filter-calendar-academicDivision=&filter-calendar-academicYear=35596.
[29] *Id.*
[30] *Id.*
[31] Lynn U., *Online course testing: March 16-18*: https://web.archive.org/web/20200501173805/http:// alert.lynn.edu/
[32] Lynn U., *Current update*, Mar. 16, 2020: https://web.archive.org/web/20200501173805/http:// alert.lynn.edu/
[33] Lynn U., *Lynn University health and safety measures*: https://web.archive.org/web/20200501173805/http:// alert.lynn.edu/ (residence halls, libraries, tutoring and student dining and other services were to remain open).

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

Students were allowed to depart campus to study from home.[34]

55.    On March 16, 2020, Lynn announced that all classes would be transitioned online instead of in-person, and all small-group activities were limited to 10 or fewer people.[35]

56.    On March 17, 2020, Lynn limited campus access to only students, employees, and registered guests.[36] On the same day, Lynn announced that it would close the residence halls on March 21, 2020.[37]

57.    On March 20, 2020, Lynn announced that it would close its campus starting March 23 until further notice and that "most other university operations will continue virtually."[38]

58.    On April 2, 2020, Lynn reaffirmed that its academic and other student services would only continue virtually.[39] All graduate and undergraduate programs were to be held online through the end of the Summer 2020 semester ( June 5, 2020, for day undergraduates and August 1, 2020, for day graduate students).[40] [41]

59.    Lynn's continuation of its operations included transitioning "nearly 1,000 courses online"—courses that were designed to be conducted in-person and led by instructors who were accustomed to live, in-person instruction as part of Lynn's Undergraduate Day Division and for day students in its Graduate Division.[42]

60.    Altogether, half of the Spring 2020 term was held in-person ( January 21–March 15, or 55 days) while the remainder was conducted virtually, without access to campus or campus-

---

[34] Lynn U., *Lynn University health and safety measures*: https://web.archive.org/web/20200501173805/http://alert.lynn.edu/

[35] Lynn U., *Current update*, Mar. 16, 2020: https://web.archive.org/web/20200501173805/http:// alert.lynn.edu/

[36] Lynn U., *Update on campus operations*, Mar. 17, 2020: https://web.archive.org/web/20200501173805/http:// alert.lynn.edu/

[37] Lynn U., *Coronavirus update: residence halls*, Mar. 17, 2020: https://web.archive.org/web/20200501173805 /http://alert.lynn.edu/

[38] Lynn U., *Campus closed starting March 23; Services continue virtually*, Mar. 20, 2020: https://web.archive.org/web/ 20200501173805/http:// alert.lynn.edu/

[39] Lynn U., *Fla. Gov. DeSantis' "safer at Home" executive order*, April 2, 2020: https://web.archive.org/web/ 20200501173805/http://alert.lynn.edu/

[40] Lynn U., *Is Lynn still holding classes on campus?*, Frequently asked questions about the coronavirus: https://www.lynn. edu/coronavirus-faq

[41] Lynn U., *Academic Calendar*: https://web.archive.org/web/20200625144531/https://www.lynn.edu/academics/ academic-calendar?filter-calendar-academicDivision=&filter-calendar-academicYear=35596.

[42] Lynn U., *A message from President Kevin M. Ross*, Mar. 26, 2020: https://web.archive.org/web/20200501173805/ http://alert.lynn.edu/

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

based services and facilities for which students had paid (March 16–May 9, or 54 days).

**<u>Lynn Did Not Provide Plaintiff and the Class With What They Bargained For</u>**

61.   As noted above, prior to COVID-19, Lynn offered students the opportunity to take online courses of study through its Online Division to receive certain degrees. The Online Division did not include live, in-person classes, just as the Undergraduate Day Division and Graduate Division (for day students attending campus) did not include online classes.

62.   Lynn describes its preexisting online course of study in its Online Division as "highly personalized," and it says "Lynn's online degree is customized, not commoditized."[43] However, Defendant even for its "customized" preexisting online education, Lynn charged less for that education than for the programs and services offered through the Undergraduate Day Division and Graduate Division (i.e., an in-person education and access to campus resources and facilities).

63.   As noted above, before the COVID-19 outbreak, Lynn charged online students $300.00 per credit hour[44] while charging students in the Undergraduate Day Division taking live classes on campus $18,340 per semester, the equivalent of $1,222.00 per credit hour. Lynn thus charged more than four times as much for in-person attendance as it charged for online attendance.[45] Similarly, students attending in person paid at least $700.00 per semester for various fees and services, while online students paid only $100.00 for various fees and services.[46]

64.   The price difference between live and remote classes also has been recognized by Lynn for students attending the University for the Fall 2020 semester:

> Non-residential students who have health concerns, travel restrictions or other academic considerations that prevent them from attending in-person courses may qualify for remote instruction… In response to COVID-19-related

---

[43] https://www.lynn.edu/academics/areas-of-study/online
[44] Lynn U., *Online tuition*: https://www.lynn.edu/admission/tuition-aid/online; *see also* 2019-20 Academic Catalog cost and refund policy, https://www.lynn.edu/academics/catalog/2019-2020/financial-information/cost-and-refund-policy.
[45] Lynn U., *Undergraduate tuition*: https://www.lynn.edu/admission/tuition-aid/undergraduate
[46] *Id.*

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

hardships, the university created **a remote learning option with discounted tuition** for Fall 2020 undergraduate programs. The quality of the education and resources available to the remote students will be no different than those who attend on campus. During Fall 2020, **undergraduate students who enroll in remote instruction will receive a tuition credit of $565 per three-credit or more course, up to five courses per semester**.[47]

65.   Despite claiming that "the quality of education and resources available to remote students will be no different than those who attend on campus," Lynn nevertheless has recognized that online classes are not the same as live classes and should cost less. This is no different from Lynn's pre-COVID tuition and fee structure for online students, which both were a fraction of the tuition and fees paid by students in the in-person Divisions.

66.   As described above, beginning on March 16, 2020, Lynn continued to operate its Undergraduate Day Division (and Graduate Division for day students) for the Spring 2020 semester, but only if students enrolled in those Divisions transitioned to entirely online classes.

67.   However, none of those students had applied to, registered for, or were enrolled in Lynn's Online Division for the Spring 2020 semester. Instead, each had bargained for in-person instruction, was billed the higher price by Lynn for in-person instruction, and paid for in-person instruction.

68.   Consequently, beginning on March 16, 2020, Defendant ceased providing the education, services, facilities, technology, access, and opportunities for which Mr. Gibson and the Class bargained and paid.

69.   The remote classes provided to Mr. Gibson and his peers during Lynn's continued operations were not equivalent to the in-person campus experience that Mr. Gibson and other Lynn students chose for their university education. These online classes deprived students of in-person learning from their peers and school faculty and the other benefits of the classroom experience for which they had contracted. The move to these remote classes also deprived

---

[47] https://www.lynn.edu/roadmap (emphasis added).

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

students of access to the facilities, materials, and opportunities offered only on Lynn's physical campus.

70.   The tuition and fees Lynn charged were predicated on access to and constant interaction with and feedback from peers, mentors, professors, and guest lecturers; access to technology, libraries, and laboratories; spectator sports and athletic programs; student government and health services; and extracurricular groups and learning, among other things.

71.   Thus, the remote classes offered to Mr. Gibson and his peers were not what they bargained for, nor were they substantially similar.

72.   Rather than contract for and pay less for Lynn's online courses offered through its Online Division, Plaintiff and the Class contracted for and paid more for the Undergraduate Day Division or as day students in the Graduate Division. They paid these increased costs and fees for live, in-person instruction and access to the campus experience, including the University's facilities, student services, technology, and resources.

73.   Yet for approximately half the Spring 2020 semester, they instead were provided with an online substitute that Lynn's own pricing structure acknowledges is worth less than one-quarter of the value of live classes.

74.   Even for the Fall 2020 semester, Lynn's pricing structure acknowledges that an online only option is worth significantly less than the in-person on-campus services for which Plaintiff enrolled.

75.   In addition to paying tuition for live classes that Defendant instead provided online, Plaintiff and the Class paid Defendant tuition and fees for access to buildings they could no longer enter, technology that the University stopped providing, and activities and services that ceased being available.

76.   Plaintiff recognizes that Defendant likely was taking measures it deemed necessary to protect the public health. However, the education and services Lynn provided to students online as part of its continuing operations are not those for which Plaintiff and the Class registered, were billed for, and paid.

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

77.   Through this action, Mr. Gibson seeks—for himself and the other Class members—damages for Defendant's breach of its agreement to provide live, in-person instruction and access to campus facilities, services, and resources. Those damages take the form of, *inter alia*, a refund of a percentage of tuition and fees reflecting the fact that roughly halfway through the Spring 2020 semester, students could no longer attend classes in-person and were instead given an online learning experience that was objectively worth less and that failed to provide access to activities and services for which Plaintiff and Class members paid.

### CLASS ACTION ALLEGATIONS

78.   Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3), and/or (c)(4), Plaintiff brings this action on behalf of himself and the following Class:

> All persons who paid, on behalf of themselves or another, tuition or fees for in-person education in the Undergraduate Day Division or Graduate Division at Lynn University for the Spring 2020 term.

79.   Excluded from the Class are officers and employees of Lynn University, Inc., and the judicial officers and Court employees assigned to this case. Plaintiff reserves the right to modify or amend the above Class definition, including the right to divide Class member into subclasses, as may be appropriate.

**Numerosity—FRCP 23(a)(1)**

80.   The members of the proposed Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.

81.   Although the precise number of Class members is unknown presently to Plaintiff, the Class certainly numbers in the thousands.

82.   The true size of the Class is ascertainable through enrollment and other records maintained by Defendant. Class members may be notified this action by recognized, Court-approved notice methods.

**Commonality and Predominance—FRCP 23(a)(2) & (b)(3)**

83.   This action involves questions of law and fact common to the Class that are

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

susceptible to common answers and that predominate over any individual questions specific to any Class member. These include:

    a.  whether Defendant contracted with the Class for in-person educational services;

    b.  whether Defendant contracted with the Class for access to campus facilities and services, including access to the library, fitness center, pool, intramurals, student activities, student government, Internet access, and technological access;

    c.  whether Defendant accepted money from the Class for the provision of in-person educational services and access to campus facilities and services;

    d.  whether Defendant breached its obligations to provide the contracted-for, in-person educational services and access to campus facilities and services;

    e.  whether the Class received the benefit of their bargain with Defendant as to tuition or fees paid to cover the relevant time period;

    f.  whether Defendant retained money or other benefits from the Class for services it did not render, or only partially rendered;

    g.  whether Defendant wrongfully retained benefits conferred upon it by the Class;

    h.  whether certification of the Class is appropriate under Federal Rule of Civil Procedure 23;

    i.  whether and the extent to which Defendant is subject to declaratory or injunctive relief;

    j.  whether Class members are entitled to damages and other relief; and

    k.  the amount and nature of relief to be awarded to Plaintiff and the other Class members.

84.  These common issues will drive the resolution of the litigation in that their determination will resolve in one stroke issues that are central to the validity of each Class members' claims.

85.  While there may be slight variations between Class members' claims—e.g., differences in amounts paid—the factual and legal issues identified above (a) remain common to the Class, (b) arise from a common course of conduct and systemic policy decisions made by Defendant, (c) predominate in number and importance over questions that may not be

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

common to the class, and (d) preclude neither class-wide calculation of damages nor the methodological determination of how such damages should be allocated among Class members.

**Typicality—FRCP 23(a)(3)**

86.   Plaintiff's claims are typical of the other Class members' claims because Plaintiff and the other Class members each paid tuition and fees for the Undergraduate Day Division or Graduate Division at Lynn University for the Spring 2020 semester, but were not provided the educational and other services that those costs were meant to cover.

87.   Each suffered losses and damages in the form of their lost tuition, fees, and other monies paid to Defendant, and the claims all arise from a single course of conduct.

88.   There are no defenses available that are unique to the Plaintiff.

**Adequacy of Representation—FRCP 23(a)(4)**

89.   Plaintiff is an adequate Class representative because Plaintiff's interests do not conflict with the interests of the other proposed Class members.

90.   Plaintiff has retained counsel competent and experienced in complex class action litigation, and intends to prosecute this action vigorously on behalf of his fellow Class members.

91.   Plaintiff has no interests that are antagonistic to those of the Class and Plaintiff will fairly and adequately protect the proposed Class members' rights, as will counsel.

**Superiority—FRCP23(b)(3)**

92.   A class action is a superior means to ensure the fair and efficient adjudication of this case.

93.   The damages suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of the claims described herein against Defendant so that making the class whole in the absence of a class action is unlikely and impracticable.

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

94.   This also means class members have relatively less interest in individually controlling the prosecution of separate actions and it cannot be said that the interests of individuals pursuing individual cases in conducting separate lawsuits is so strong as to call for denial of a class action.

95.   Defendant has no facially plausible interest in defending against separate, geographically dispersed claims and, in fact, that would be more burdensome to Defendant than defending against all potential claims in a single forum and proceeding.

96.   Likewise, the judicial system has no interest in burdening a number of courts when the claims of this highly cohesive class can be fairly and efficiently concentrated and managed by this Court.

97.   Individualized actions would run the risk of creating inconsistent or contradictory judgments arising from the same set of facts and would increase the likely delay and expense to all parties involved and to the courts, including this Court. By proceeding as a class action, the claims at issue can be managed efficiently through economies of scale

98.   Finally, the claims are manageable, as they are governed by one state's law (Florida), and Defendant's refusal to refund any portion of tuition and/or fees impacts all Class members, whose losses are capable of calculation on a classwide or a subclass basis.

**Particular Issues—FRCP 23(c)(4)**

99.   Any or all of the issues identified in ¶ 83(a)-(k) are appropriate for certification pursuant to Fed. R. Civ. P. 23(c)(4) because each is particular and common to the Class and the resolution of each or all would materially advance the disposition of this action and the parties' interests.

100.   Certification of particular issues would move the litigation forward efficiently, saving money, time, and judicial resources for all involved, regardless of whether the action as a whole might be certified.

101.   For the reasons set forth above, these issues predominate in number and importance over questions that may not be common to the class.

Second Amended Class Action Complaint - 20

## COUNT I
### Breach of Contract

102.   Plaintiff realleges and incorporates into this count the facts alleged in ¶¶ 1–101.

103.   Plaintiff brings this claim individually and on behalf of the other members of the Class.

104.   Plaintiff and the Class had the capacity to enter into and in fact entered into binding contracts with Defendant pursuant to Defendant's Academic Catalog, University Policies, invoices, and course of conduct.

105.   Defendant offered and Plaintiff and the Class accepted attendance in Defendant's Undergraduate Day Division or Graduate Division for attendance in on-campus classes and the concomitant educational and social services and experiences, including access to campus facilities and resources, for the Spring 2020 semester.

106.   Pursuant to the 2019-2020 Academic Catalog, Plaintiff and the Class registered for and enrolled in live classes offered in the Undergraduate Day Division or Graduate Division and paid the respective tuition and fees required by Defendant under those programs.

107.   Defendant and members of the Class each intended to agree, and in fact did agree, that Defendant would provide and the Class would pay for and attend live, in-person classes on campus.

108.   Defendant billed the Class for live, in-person classes on campus at the rate for those classes (as opposed to the lower rate for online classes).

109.   Plaintiff and the Class paid for in-person classes on campus at the tuition rate for those classes (as opposed to the lower tuition rate for online classes).

110.   Defendant billed the Class for fees for access to campus activities, facilities, resources, and services at the rate for such access (as opposed to the lower rate for fees for online students).

Levin Papantonio Thomas Mitchell Rafferty & Proctor • 316 S. Baylen St. 6th Floor • Pensacola, FL 32502

111.   Plaintiff and the Class paid for fees for access to campus activities, facilities, resources, and services at the rate for such access (as opposed to the lower rate for fees for online students).

112.   Defendant breached its contracts when it failed to provide the bargained for in-person on-campus educational and social services and experiences, and access to campus activities, facilities, resources, and services.

113.   Defendant has retained tuition and fee payments by Plaintiff and the Class for the Spring 2020 semester and has failed or otherwise is unable to perform, i.e., to provide the promised benefits in full.

114.   By contrast, Plaintiff and the Class fulfilled their end of the bargain by paying the monies due and owing in the form of full tuition and fees.

115.   Plaintiff and the Class have otherwise satisfied all conditions precedent to the maintenance of this action.

116.   Defendant has failed to compensate Mr. Gibson and the Class for the damages they have suffered as a result of Defendant's actions.

117.   Specifically, Defendant has failed to refund or reimburse Mr. Gibson and the Class the prorated portion of tuition and fees necessary to compensate them for the difference in value between what they bargained and paid for and what they received.

118.   Plaintiff and the Class, by enrolling in, registering for, and paying tuition and fees required by the Defendant for the Undergraduate Day Division and Graduate Division and for the live, in-person classes in which they enrolled, reasonably expected classes and services to be provided live and in-person, not online.

119.   However, Plaintiff and the Class received education and services of a different kind than they reasonably expected when enrolling in the Undergraduate Day or Graduate Divisions instead of the Online Division. These classes were worth less than what Plaintiff and the Class bargained for, as acknowledged by Defendant in charging lower prices for online classes for the Spring, Summer, and Fall 2020 semesters.

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

120.   Defendant and the Class had either an express or implied agreement, one of essential terms of which was the provision of live classes by Defendant and access to campus activities, facilities, resources and services, for which Plaintiff and the Class provided consideration.

121.   Based on Defendant's wrongful conduct, Plaintiff and the Class did not realize the benefit of the bargain and their expectations were not met.

122.   As a result, Plaintiff and the Class were damaged.

123.   To the extent the COVID-19 pandemic frustrated the purpose of Plaintiff's and the Class's bargain and expectation to attend live classes and have access to on-campus educational and social services and experiences, and access to campus activities, facilities, resources, and services, Plaintiff and the Class are excused from paying full tuition and fees and are entitled to receive the prorated portion of tuition and fees necessary to compensate them for the difference in value between what they paid for and what they received.

124.   Defendant's breach of these contracts is material in each instance and has resulted in Plaintiff and members of the Class suffering compensatory damages including, but not limited to, the difference in value between what the Class paid for and what it received.

125.   Plaintiff and the Class are entitled to damages representing the difference in value between what they contracted for and what they received.

126.   WHEREFORE, Plaintiff and the Class seek all damages and equitable relief to which they may be entitled.

### COUNT II
### Unjust Enrichment

127.   Plaintiff realleges and incorporates into this count the facts alleged in ¶¶ 1–101.

128.   Plaintiff brings this claim individually and on behalf of the Class.

129.   This Count is alleged in the alternative to Plaintiff's claim for breach of contract.

130.   Plaintiff and the Class have conferred a benefit on Defendant in the form of tuition and fees for the Spring 2020 semester.

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

131.   Defendant was aware of this benefit, voluntarily accepted it, and has retained and appreciated this benefit, to which it is not entitled, at the expense of Plaintiff and the Class.

132.   For the reasons set forth in this Complaint, the circumstances are such that it would be inequitable and unfair for Defendant to retain the full amount of the benefit conferred upon it by Plaintiff and the Class, and fairness demands that Defendant pay for the benefit.

133.   Defendant has wrongfully retained a benefit conferred upon it by Plaintiff and the Class in an amount no less than an amount commensurate with the difference between the reasonable or fair market value of the on-campus educational and social activities, facilities, resources, and services for which Plaintiff and the Class paid and the actual value of on-campus educational and social activities, facilities, resources, and services Defendant delivered.

134.   WHEREFORE, Plaintiff and the Class seek disgorgement and refund of an amount of money not less than an amount commensurate with the difference between the reasonable or fair market value of the on-campus educational and social services and experiences, and access to campus activities, facilities, resources, and services for which Plaintiff and the Class paid, and the actual value of the on-campus educational and social services and experiences, and access to campus activities, facilities, resources, and services Defendant delivered.

## PRAYER FOR RELIEF

135.   Plaintiff, individually and on behalf of the Class, respectfully requests that the Court provide the following relief against Defendant:

    a.  certifying the Class as requested herein, designating Plaintiff as Class representative, and appointing the undersigned counsel as Class Counsel;

    b.  declaring that Defendant is financially responsible for notifying the Class of the pendency of this suit;

    c.  awarding injunctive relief, damages, restitution, disgorgement, and quantum meruit relief as permitted by law or equity;

    d.  awarding Plaintiff's reasonable attorney's fees, costs, and expenses;

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR • 316 S. BAYLEN ST. 6TH FLOOR • PENSACOLA, FL 32502

    e.   awarding pre- and post-judgment interest on any amounts awarded, to the extent permitted in law or equity; and

    f.   awarding such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Individually and on behalf of the Class, Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted: December 14, 2020.

*s/Matthew D. Schultz*
Matthew D. Schultz (FBN 0640328)
**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.**
mschultz@levinlaw.com
Rebecca K. Timmons (FBN 121701)
btimmons@levinlaw.com
Brenton J. Goodman (FBN 126153)
bgoodman@levinlaw.com
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Tel (850) 435-7140
Fax (850) 436-6140

*s/ Patrick Madden*
Patrick Madden (PHV)
pmadden@bm.net
**BERGER MONTAGUE, PC**
1818 Market Street
Suite 3600
Philadelphia, PA 19103
Tel (215) 875-3000

Second Amended Class Action Complaint - 25
