UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-81173-RAR

**RAYMOND GIBSON**, *individually, and on behalf of all others similarly situated*,

    Plaintiff,

v.

**LYNN UNIVERSITY, INC.**,

    Defendant.

_____/

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE CLASS ACTION ALLEGATIONS

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss and/or Strike Plaintiff's Class Action Allegations [ECF No. 49] ("Motion"), filed on December 28, 2020. The Court having reviewed the Motion, Plaintiff's Response [ECF No. 50], Defendant's Reply [ECF No. 53], and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss and/or Strike Plaintiff's Class Action Allegations [ECF No. 49] is **DENIED** as set forth herein.

### BACKGROUND

Plaintiff Raymond Gibson, an undergraduate student at Lynn University ("Lynn"), contends that he and similarly situated students contracted with Lynn for "live on-campus instruction and access to campus facilities," and were deprived of the benefit of their bargain when Lynn closed its facilities and moved its courses online due to the COVID-19 pandemic. *See* Second Am. Compl. [ECF No. 46] ¶¶ 1, 3. Plaintiff alleges that Lynn's relationship with its students "is based on the terms and conditions set forth inter alia, in Lynn's Academic Catalog, in its University Policies, and its invoices, and is informed by Lynn's common course of conduct and

procedures." *Id.* ¶ 15. He indicates that Lynn offers students the opportunity to enroll in one of three divisions—the Undergraduate Day Division, the Online Division, and the Graduate Division—and that when students enroll in the Undergraduate Day Division, which costs more per credit than the Online Division, they are specifically contracting with the university to provide in-person instruction and access to campus facilities and activities. *Id.* ¶¶ 16-22.

Plaintiff contends that Lynn's promises are set forth in a variety of university publications and documents. For example, for students who enroll in the Undergraduate Day Division, Lynn's University Policies expressly state that "[t]he University believes that ... the classroom experience is the most important part of the student's educational experience." *Id.* ¶ 30. Lynn's Academic Catalog also indicates that "[t]he student's involvement in classroom activities and discussions is encouraged and expected ... [t]herefore, attendance is not only important, but essential to the learning experience." *Id.* ¶ 31. Plaintiff alleges that the Academic Catalog "boasts a rich and lively on-campus student experience," including social activities, intramural sports, and a fitness center. *Id.* ¶ 37. He also asserts that the tuition and fees reflected in his invoice for the Spring 2020 term clearly reflect enrollment in the University's Undergraduate Day Division. *Id.* ¶ 47. Plaintiff contends that he and similarly situated students are entitled to "the prorated portion of tuition and fees necessary to compensate them for the difference in value between what they bargained and paid for and what they received." *Id.* ¶ 119.

On August 31, 2020, Lynn moved to dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff fails to allege any contractual provisions requiring Defendant to provide exclusively in-person education or requiring a refund of fees. *See* Mot. to Dismiss First Am. Compl. [ECF No. 15] at 6-12. Lynn further argued that Plaintiff fails to allege a material breach and non-speculative damages; that Plaintiff ratified any alleged breach; and that impossibility and/or frustration of purpose bar Plaintiff's breach of contract claim. *Id.* at 13-17.

Lynn also moved to dismiss Plaintiff's unjust enrichment claim, arguing that (i) Plaintiff has an adequate remedy at law because of its contractual relationship with Lynn; and (ii) Plaintiff cannot establish that it would be inequitable for Lynn to retain the cost of tuition and other fees for the Spring 2020 semester. *Id.* at 17-20.

On November 29, 2020, this Court denied Lynn's initial Motion to Dismiss because (1) Plaintiff plausibly alleged the existence of a valid contract for in-person education, a material breach, and damages; (2) Lynn failed to conclusively establish that Plaintiff's breach of contract claim was barred by affirmative defenses of impossibility or frustration of purpose; and (3) Lynn failed to establish that Plaintiff affirmatively manifested intent to approve Lynn's actions with full knowledge of all material facts. *See Gibson v. Lynn Univ., Inc.*, No. 20-CIV-81173-RAR, 2020 WL 7024463, at *1 (S.D. Fla. Nov. 29, 2020).

Plaintiff then filed his Second Amended Class Action Complaint [ECF No. 46] on December 14, 2020 alleging breach of contract and unjust enrichment on behalf of himself and other similarly situated persons. The Second Amended Complaint defines the "Class" as follows:

> All persons who paid, on behalf of themselves or another, tuition or fees for in-person education in the Undergraduate Day Division or Graduate Division at Lynn University for the Spring 2020 term.

Second Am. Compl. ¶ 78. On December 28, 2020, Lynn filed both an Answer to the Second Amended Class Action Complaint [ECF No. 48] and the instant Motion to Dismiss and/or Strike the Class Allegations.

In its Motion, Lynn asks this Court to dismiss and/or strike Plaintiff's class action allegations for four reasons. First, Lynn asserts that Plaintiff's contractual claims are individualized and not "capable of being answered on a class-wide basis." Mot. at 2-3. Specifically, Lynn argues that because Plaintiff's claims are based on students' expectations concerning whether they would receive in-person education—and not an explicit written

contractual term promising it—the Court must engage in an individualized inquiry for each student to determine if there was a contract and what its terms were. *Id.* at 6-10. Second, Lynn contends that determining damages, if any, in this case would be an individualized inquiry for each student because damages would be based on "loss of experience," which is inherently subjective. *Id.* at 3-4. Third, Lynn argues that under Eleventh Circuit precedent, "unjust enrichment claims are inherently incapable of being assessed on a class basis." *Id.* at 4. Finally, Lynn asserts that the proposed class includes many individuals who lack standing. *Id.*

## LEGAL STANDARD

### a. *Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)*

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court considering a 12(b)(6) motion is generally limited to the facts contained in the complaint and attached exhibits—but may also consider documents referred to in the complaint that are central to the claim and whose authenticity is undisputed. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quotation omitted); *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (citation and quotation omitted).

### b. *Motion to Strike Under Fed. R. Civ. P. 12(f)*

Pursuant to Fed. R. Civ. P. 12(f), the "court may strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Nash v. O.R. Colan Group, LLC*, No. 12–60759–CIV, 2012 WL 4338817, at *1 (S.D. Fla. Sept. 20, 2012) (citing Fed. R. Civ. P. 12(f)). "However, '[a] motion to strike is a drastic remedy,' which is disfavored by the courts." *Id.* (citing *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002)); *see also Exhibit Icons, LLC v. XP Cos.*, 609 F. Supp. 2d 1282, 1300 (S.D. Fla. 2009). "A motion to strike will therefore usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Gill-Samuel v. Nova Biomedical Corp.*, 298 F.R.D. 693, 699 (S.D. Fla. 2014) (citation and quotation omitted).

### c. *Fed. R. Civ. P. 23 and Dismissal or Striking of Class Allegations*

Under Fed. R. Civ. P. 23, "[a] class action may be maintained only when it satisfies all the requirements of [Rule] 23(a) and at least one of the alternative requirements of Rule 23(b)." *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1260 (11th Cir. 2003). The four prerequisites for bringing a class action set forth under Rule 23(a) are:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

These prerequisites are commonly referred to as "numerosity, commonality, typicality, and adequacy of representation." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009).

Class actions that meet the requirements of Rule 23(a) may be certified under Rule 23(b)(1), (b)(2), or (b)(3). The pertinent section in this case is Rule 23(b)(3), which requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." In other words, the issues raised by the class action "that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." *Rutstein v. Avis Rent-A-Car Sys.*, 211 F.3d 1228, 1233 (11th Cir. 2000) (citations omitted).

Rule 23 provides that the Court must—at an early practicable time—determine whether to certify the action as a class action. *See Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) (citing Fed. R. Civ. P. 23(c)(1)(A)). The Eleventh Circuit has indicated that "[i]n some instances, the propriety *vel non* of class certification can be gleaned from the face of the pleadings." *Id.* (citing *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F. 3d 999, 1006 (11th Cir. 1997)). However, "[t]he question of class certification is generally not addressed on a motion to dismiss." *Martorella v. Deutsche Bank Nat. Tr. Co.*, 931 F. Supp. 2d 1218, 1228 (S.D. Fla. 2013) (quoting *Chaney v. Crystal Beach Capital, LLC*, No. 10-cv-1056-T-30-TGW, 2011 WL 17639, at *2 (M.D. Fla. 2011)). "[P]recedent … counsels that the parties' pleadings alone are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified." *Mills*, 511 F.3d at 1309.

Indeed, dismissal of class allegations at the pleadings stage "is an extreme remedy appropriate only where a defendant demonstrates from the face of the complaint that it will be impossible to certify the classes alleged by the plaintiff regardless of the facts that the plaintiff may be able to prove." *Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co.*, No. 19-CV-61422,

2019 WL 6828150, at *6 (S.D. Fla. Dec. 13, 2019) (quoting *Oginski v. Paragon Props. of Costa Rica, LLC*, No. 10-21720-CIV, 2011 WL 3489541, at *3 (S.D. Fla. Aug. 9, 2011)) (quotation marks and alterations omitted). Striking class allegations under Fed. R. Civ. P. 12(f) is a similarly extreme remedy that is only appropriate where the class allegations are "redundant, immaterial, impertinent, or scandalous." *See Gill-Samuel*, 298 F.R.D. at 700; *Sullivan v. Gov't Emps. Ins. Co.*, No. 617CV1755ORL40KRS, 2018 WL 4759905, at *2 (M.D. Fla. Aug. 1, 2018); *see also Lankford v. Carnival Corp.*, No. 12-24408-CIV, 2013 WL 12064497, at *6 (S.D. Fla. June 18, 2013) ("[I]t is 'rare' for courts to strike or dismiss class allegations prior to the filing of class certification motions and discovery.").

## **ANALYSIS**

Applying the principles set forth above, the Court finds that the extreme remedies of dismissing or striking Plaintiff's class allegations are not warranted in this case. This is not a "rare" case where it is clear from the pleadings that a class action cannot be maintained. As an initial matter, Plaintiff has pleaded sufficient facts to fulfill the Rule 23 requirements. Plaintiff alleges that this action involves several questions of law and fact that are susceptible to common answers and predominate over any individual questions, such as: (i) whether Lynn contracted with the Class for in-person educational services; (ii) whether Lynn contracted with the Class for access to campus facilities and services; (iii) whether Lynn accepted money from the Class for the provision of in-person educational services and access to campus facilities and services; and (iv) whether Lynn breached its obligations to provide the contracted-for, in-person educational services and access to campus facilities and services. *See* Second Am. Compl. ¶ 83.

Plaintiff further alleges that his claims "are typical of the other Class members' claims because Plaintiff and the other Class members each paid tuition and fees for the Undergraduate Day Division or Graduate Division at Lynn University for the Spring 2020 semester, but were not

provided the educational and other services that those costs were meant to cover." *Id.* ¶ 86. Additionally, Plaintiff asserts that there are thousands of Class members, making joinder impracticable, *id.* ¶¶ 80-82, and that he can adequately represent the class because his interests are aligned with those of the proposed Class. *Id.* ¶¶ 89-91.

The crux of Lynn's argument is that the Court should dismiss or strike Plaintiff's class allegations because they fail to meet the Rule 23 commonality and predominance requirements. *See* Mot. at 6. Specifically, Lynn argues that the central inquiry in this case—whether there was a contract for in-person education—must be determined on an individualized basis for each student. *Id.* at 6-11. Lynn also contends that the damages Plaintiff alleges are subjective and individualized because they are based on a "loss of experience." *Id.* at 11-16.

The Court disagrees that it would be impossible for Plaintiff's proposed class to satisfy the commonality and predominance requirements. The Eleventh Circuit has described the commonality requirement as a "low hurdle" or a "light" burden, as commonality "does not require that all questions of law and fact raised be common." *Alhassid v. Bank of Am., N.A.*, 307 F.R.D. 684, 696 (S.D. Fla. 2015) (quoting *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1356 (11th Cir. 2009); *Vega*, 564 F.3d at 1268). "The commonality element is generally satisfied when a plaintiff alleges that defendants have engaged in a standardized course of conduct that affects all class members." *In re Checking Acct. Overdraft Litig.*, 275 F.R.D. 666, 673 (S.D. Fla. 2011) (internal quotation omitted).

Here, it appears that questions concerning what the operative contractual terms are between Lynn and its students may be capable of class-wide proof. Plaintiff alleges that he and other similarly situated students entered into a binding contract with Lynn for in-person education when they enrolled in and paid for the Undergraduate Day Division or Graduate Division. *See* Second Am. Compl. ¶¶ 16-27, 86. Plaintiff contends that the terms of that contract are dictated by the

university's publications, policies, invoices, and the parties' course of conduct. *See id.* ¶ 15. It is not clear to the Court from the pleadings that the nature of such a contractual relationship is not susceptible to class-wide proof based on the publications, policies, and other materials Lynn provided to its students. Nor is the Court convinced that Plaintiff's contractual claims would necessarily require delving into the individual state of mind of each student. At the very least, it would be premature for the Court to make that finding at this stage in the litigation given that the parties "take starkly different positions as to the number and extent of issues that will be involved in this case, and the method and ease of proof for each." *Mills*, 511 F.3d at 1309-10. And it is certainly not "obvious from the pleadings that the individual issues would overwhelm the common issues." *Herrera v. JFK Med. Ctr. Ltd. P'ship*, 648 F. App'x 930, 934 (11th Cir. 2016).

The Court is also unpersuaded that the potential for individualized damages issues makes class certification impossible in this case. For example, in *Herrera*, patients covered under Florida statutory personal injury protection (PIP) insurance brought a class action suit against hospitals and their parent companies for excessive charges. *Id.* at 931-32. The defendant hospitals argued that to determine damages for each class member, the "district court would have to analyze whether a class member's PIP insurance was exhausted, whether that member had co-insurance that would have covered additional expenses, and whether those charges were reasonable and related to the motor vehicle accident." *Id.* at 936. In reversing the district court's grant of the defendants' motion to strike class action allegations, the Eleventh Circuit indicated that the "presence of individualized damages issues does not prevent a finding that the common issues in the case predominate." *Id.* (quotation omitted).

Indeed, the Eleventh Circuit has recognized that although there are "extreme cases in which computation of each individual's damages will be so complex, fact-specific, and difficult that the burden on the court system would be simply intolerable … such cases rarely, if ever, come along."

*Klay v. Humana, Inc.*, 382 F.3d 1241, 1260 (11th Cir. 2004). Here, the individualized damages issues are not so extreme as to preclude class certification at the pleadings stage—particularly considering Plaintiff's representation that he "can and will present a class-wide impact and damages model" to support his motion for class certification. Resp. at 21; *see Rosenberg*, 2019 WL 6828150, at *8 ("Plaintiff may, through the course of discovery, be able to establish that the damage calculations for each individual class member are formulaic, rather than fact specific …").

Lynn also argues that Plaintiff's unjust enrichment claims are inherently individualized because the Court "must examine the particular circumstances of an individual case and assure itself that, without a remedy, inequity would result or persist." Mot. at 16 (quoting *Vega*, 564 F.3d at 1274). Although unjust enrichment claims are usually unsuitable for class treatment, this is not always the case. *See In re Checking Account Overdraft Litig.*, 286 F.R.D. 645, 657 (S.D. Fla. 2012) ("Unjust enrichment claims can be certified for class treatment where there are common circumstances bearing on whether the defendant's retention of a benefit received from class members was just or not."); *Cty. of Monroe, Fla. v. Priceline.com, Inc.*, 265 F.R.D. 659, 668 (S.D. Fla. 2010) ("The County's … unjust enrichment claims are therefore premised upon the same alleged injury experienced by the other class members, and will be subject to class-wide proof."); *James D. Hinson Elec. Contr. Co. v. Bellsouth Telecomms., Inc.*, 275 F.R.D. 638, 647 (M.D. Fla. 2011) ("[W]hen the defendant's conduct is the same, it is difficult to conceive of any significant equitable differences between class members.") (quotation omitted).

"[T]he Eleventh Circuit's underlying concern [with certification of unjust enrichment claims] is that unjust enrichment claims typically require individualized inquiries into the equities of each class member's interaction with each defendant." *Cty. of Monroe, Fla.*, 265 F.R.D. at 671. Given that Lynn's alleged conduct as to each class member in this case is the same—*i.e.*, retaining tuition after ceasing to provide in-person instruction and access to campus services and facilities—

it is not obvious from the pleadings that there are significant equitable differences among the proposed class. Lynn argues that equitable considerations may be different, for example, for students who regularly want to and expect to use campus services versus those who do not. However, the Court agrees with Plaintiff that it is premature to determine at this stage whether such variation exists among the proposed class.

In support of its arguments for dismissal or striking of the class allegations, Lynn relies heavily on the *Vega* case. *See* Mot. at 8-9, 16-17. Without embarking on an exhaustive analysis of that case, the Court notes that it does not support the proposition that class allegations should be dismissed and/or stricken during the pleading stage. Unlike this case, *Vega* reviewed a district court's determination of class certification *after* the factual record had already been developed and *after* the classes had already been certified. 564 F.3d at 1263-64. The parties in *Vega* had the opportunity to conduct pre-certification discovery, which is precisely what Lynn seeks to foreclose. *Id.* at 1263 ("On January 9, 2007, following the close of all discovery (including merits discovery) and more than a year after filing the complaint, Vega moved for class certification.").

Moreover, the fatal deficiencies in the *Vega* breach of contract class allegations are not present here. Defendant argues that the "[*Vega*] Court explained that because Plaintiff could not utilize identical evidence on behalf of every member of the class to prove offer, acceptance, consideration or the essential terms of the purported contract, he was unable to show commonality under a breach of contract theory." Reply at 7. However, the *Vega* court specifically noted that the plaintiff's breach of contract theory failed because the plaintiff did not allege "in his complaint the existence of a common contract under which [the defendant] employed all class members." 564 F.3d at 1272. Therefore, the *Vega* court determined that the plaintiff "could not utilize identical evidence on behalf of every member of the class to prove offer, acceptance, consideration, or the essential terms" and that the class thus failed to fulfill the commonality and predominance

requirements. *Id.* Here, in contrast, Plaintiff's Complaint alleges a common contract for in-person, on-campus education between Lynn and students enrolled in the Undergraduate Day Division and Graduate Division. *See* Second Am. Compl. ¶¶ 104-105.

Lynn's final argument is that the proposed class includes individuals who lack standing.[1] Lynn argues that because the proposed class includes anyone "who paid, *on behalf of themselves or another*, tuition or fees" for the Spring 2020 term, it encompasses parents or others who paid tuition but were not students at Lynn and therefore did not have a contractual relationship with the university. *See* Mot. at 20. However, at the pleadings stage, the Court need only determine "that at least one named class representative has Article III standing to raise each class subclaim." *Prado-Steiman ex rel. Prado v. Bush,* 221 F.3d 1266, 1279 (11th Cir. 2000); *see also Bankhead v. First Advantage Background Servs. Corp.*, No. 117CV02910LMMJCF, 2018 WL 1789419, at *3 (N.D. Ga. Jan. 30, 2018), *report and recommendation adopted*, No. 1:17-CV-2910-LMM-JCF, 2018 WL 1794375 (N.D. Ga. Feb. 27, 2018). "To have standing to represent a class, a party must not only satisfy the individual standing prerequisites, but must also be part of the class and possess the same interest and suffer the same injury as the class members." *Mills*, 511 F.3d at 1307.

In the Complaint, Plaintiff adequately satisfies the requirements for Article III standing by alleging that he: (1) suffered an injury in fact ("Plaintiff and the Class did not receive their

---

[1] Lynn also argues that the class includes individuals whom Plaintiff lacks standing to represent because they are either graduate students (when he is an undergraduate) or are students who reenrolled in Summer or Fall 2020 (when Plaintiff did not). *See* Mot. at 20-21. The Court agrees with Plaintiff that this appears to go to the issue of typicality under Rule 23, which is more properly addressed at the class certification stage. *See* Wright & Miller, 7AA Fed. Prac. & Proc. Civ. § 1785.1 (3d ed.) ("Representative parties who have a direct and substantial interest have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation."). Further, even if there are inadequacies in the current class definition as Lynn contends, this Court "retains the ability to refine it at a later stage in the litigation." *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, No. 19-21583-CIV, 2020 WL 5984382, at *15 (S.D. Fla. May 12, 2020) (citing *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 321 F.R.D. 688, 696 (S.D. Fla. 2017)).

bargained-for, in-person education. Nor did they receive the services for which they paid separately itemized fees."), *see* Second Am. Compl. ¶¶ 3, 71-73, 75, 112-13, 119; (2) that is fairly traceable to the challenged conduct (he can trace that injury to Lynn's campus closure and moving all courses online), *see id.* ¶¶ 2, 54-60, 68-71, 72-73, 75, 119, 121, 133; and (3) that is likely to be redressed by a favorable judicial decision (he can be compensated by receiving damages in the form of a partial refund of his tuition and fees paid), *see id.* ¶¶ 4, 77, 121-25, 132-34.[2] Accordingly, the Court concludes that Plaintiff has sufficiently alleged that he has standing individually and as a putative class representative.

## CONCLUSION

For the foregoing reasons, the Court is not persuaded at this stage in the litigation that class certification would be "impossible" regardless of any facts revealed in discovery. The arguments Lynn advances are more appropriate for the class certification stage, at which point the Court can consider them with the benefit of a more developed factual record. Thus, without opining on the merits of class certification or the underlying class allegations, the Court finds that Plaintiff has adequately pleaded the requirements of standing and Rule 23 as to the class allegations for breach of contract and unjust enrichment. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss and/or Strike Plaintiff's Class Action Allegations [ECF No. 49] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 23rd day of March, 2021.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

---

[2] *See Bloomgarden v. Allstate Fire & Cas. Ins. Co.*, No. 19-CV-62879-RAR, 2020 WL 6375169, at *2-3 (S.D. Fla. Oct. 30, 2020) (describing requirements to establish Article III standing).